IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARYANN GIOVANELLI, Personal Representative of the Estate of John Patrick Shaw a/k/a John P. Shaw, <br><br> Plaintiff, <br><br> v. <br><br> DEEMSTON BOROUGH, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 22-866 ) ) ) ) ) |

**MEMORANDUM OPINION**

Plaintiff Maryann Giovanelli ("Plaintiff"), Personal Representative of Plaintiff's decedent John Patrick Shaw a/k/a John P. Shaw ("Shaw"), brings this action against Shaw's former employer, Defendant Deemston Borough (the "Borough"), alleging violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, violation of Shaw's constitutional rights under color of state law pursuant to 42 U.S.C. § 1983, and breach of contract/*quantum meruit* under the common law of the Commonwealth of Pennsylvania. (Docket No. 4). Presently before the Court is the Motion to Dismiss Plaintiff's Amended Complaint filed by the Borough. (Docket No. 10). In its motion and brief in support, the Borough urges the Court to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Nos. 10, 11). Plaintiff has filed a brief in opposition to the Borough's motion (Docket No. 14), and the Borough has filed a reply (Docket No. 15). After careful consideration of the parties' arguments and for the following reasons, the Borough's Motion to Dismiss is granted.

I. **Background**

As the parties are well-acquainted with the factual background of this case, at this juncture the Court will present an abbreviated version of the facts, as alleged in the Amended Complaint and in the light most favorable to Plaintiff, that are relevant to the motion presently before the Court. Shaw was formerly employed by the Borough, a local government entity, as a Road Superintendent. (Docket No. 4, ¶¶ 6, 7). Due to an unspecified serious and life-threatening medical condition, Shaw was forced to take a leave of absence to receive urgent and necessary care. (*Id.* ¶ 12). Shaw's last day of work with the Borough before starting treatment was March 16, 2022, and thereafter he was not paid for his accrued personal, sick, and vacation days, in violation of the Borough's policies and procedures. (*Id.* ¶¶ 8, 10, 13-15). Plaintiff asserts that she is entitled to $5,703.75, at a minimum, based on Shaw's purported accrued paid time off. (*Id.* ¶ 16). Plaintiff alleges that the Borough discriminated against Shaw because of his disability by depriving him of the benefits incident to his employment. (*Id.* ¶ 19).

On May 24, 2022, Shaw filed a Complaint in the Court of Common Pleas of Washington County, alleging that the Borough violated the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. § 260.1 *et al.* (Docket No. 4, ¶ 20). Plaintiff alleges that the Borough thereafter failed to pay for Shaw's health insurance, which constituted retaliation for the filing of the lawsuit in Washington County. (*Id.* ¶¶ 21, 23).

In the Amended Complaint, Plaintiff alleges the following claims against the Borough: Disability Discrimination in violation of the ADA (Count I); Retaliation in violation of Shaw's rights under the First Amendment of the United States Constitution pursuant to Section 1983 (Count II); and breach of contract/*quantum meruit* under Pennsylvania common law (Count III). (Docket No. 4 at 4-8). The Borough has filed its Motion to Dismiss Plaintiff's Amended

Complaint pursuant to Rule 12(b)(6), and the parties have filed briefs supporting and opposing the motion. (Docket Nos. 10, 11, 14, 15).[1] The matter is now ripe for decision.

## II. Standard of Review

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Although the Amended Complaint is devoid of any averments regarding administrative processes or remedies, Plaintiff represents in her Brief In Opposition that charges of discrimination were cross-filed with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Rights Commission ("PHRC"), alleging discrimination based on disability and retaliation for engaging in protected activity. (Docket No. 14 at 3 n.1). According to Plaintiff, these charges are currently pending. (*Id.*).

3

misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

### III. Discussion

#### A. Count I: Violation of the ADA

In Count I of the Complaint, Plaintiff alleges that the Borough discriminated against Shaw based on his disability, in violation of the ADA, by depriving him of the benefits incident to his employment when it refused to pay him for his accrued personal, sick, and vacation days. (Docket No. 4, ¶ 19). In its Motion to Dismiss, the Borough argues that Plaintiff's claim for disability discrimination fails because administrative remedies were not exhausted before the present action was filed in this Court as required by the ADA. In response, Plaintiff explains that the discrimination claim in the Amended Complaint is brought under Title II of the ADA, not Title I, and that under Title II of the ADA – unlike Title I – there is no requirement that administrative remedies be exhausted before a suit is filed.

While Title I of the ADA specifically addresses discrimination in the employment context, Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Since Plaintiff's disability discrimination claim against the

Borough, a public entity, is an employment claim, the parties disagree as to whether such a claim must be brought under Title I, or whether such claim is cognizable under Title II.

Plaintiff concedes that there is a split among the courts as to whether Title II applies to discrimination in employment, and that the Third Circuit has yet to address the question squarely. In support of her position, however, Plaintiff mainly relies on an out-of-district case from 1998, *Saylor v. Ridge*, 989 F. Supp. 680, 688 (E.D. Pa. 1998), which found that a claim for employment discrimination could be brought under Title II. In response, the Borough cites *Cook v. City of Philadelphia*, 94 F. Supp. 3d 640, 647-48 (E.D. Pa. 2015), a more recent case from the same district, the Eastern District of Pennsylvania, in which the Court declined to follow the reasoning in *Saylor*. In *Cook*, the Court explained that, since *Saylor*, many District Courts within the Third Circuit have held that Title II does not apply to employment discrimination claims. *See id.* at 648 (citing cases including some from this District, such as *Williams v. Pa. Hum. Rel. Comm'n*, Civ. Action No. 14-1290, 2015 WL 222388, at *1 n.2 (W.D. Pa. Jan. 14, 2015), and *Hemby-Grubb v. Indiana Univ. of Pa.*, No. 2:06cv1307, 2008 WL 4372937, at *6-7 (W.D. Pa. Sept. 22, 2008)). The Court in *Cook* also emphasized that the Courts of Appeals for the Second, Seventh, Ninth, and Tenth Circuits have all found that Title II does not cover disability-based employment discrimination claims and that such claims must instead be brought after exhausting administrative remedied under Title I. *See id.* (citing *Mary Jo C. v. N.Y. State & Local Retirement Sys.*, 707 F.3d 144, 166-72 (2d Cir. 2013); *Brumfield v. City of Chicago*, 735 F.3d 619, 624-30 (7th Cir. 2013); *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169 (9th Cir. 1999); *Elwell v. Oklahoma ex rel. Bd. of Regents of the Univ. of Okla.*, 693 F.3d 1303, 1306-10, 1314 (10th Cir. 2012)).

The Court in *Cook* further relied on the sound reasoning of *Hemby-Grubb v. Indiana University of Pennsylvania*, in which the Honorable David S. Cercone of this District engaged in analysis of various opinions by Courts that have dealt with this issue, as well as the statutory language involved, and concluded:

> . . . after careful consideration, that Congress did not contemplate the maintenance of an employment discrimination action under Title II of the ADA.  It would seem to be a tortured reading of the ADA as a whole to construe that after covering employment in Title I, Title II likewise was intended to encompass employment actions without explicitly saying so.  Neither can it be said that employment is a natural correlative of "services," "programs," or "activities."

2008 WL 4372937, at *7.

Upon consideration of the parties' arguments, and based upon the text, context, and structure of the ADA viewed as a whole, as well as the Circuit Court decisions cited, *supra*, and the substantial weight of the District Court opinions on the topic, the Court concludes that Congress did not intend Title II of the ADA to apply to employment discrimination claims when it has expressly provided a mechanism for bringing disability-based employment claims under Title I.  Therefore, the Court finds that Plaintiff may not maintain an employment discrimination claim under Title II, and she must instead bring such a claim under Title I, which requires the exhaustion of administrative remedies before bringing suit in this Court.  Because Plaintiff has not shown that administrative remedies have been exhausted in this regard, Count I of the Amended Complaint is dismissed without prejudice to amendment for failure to state a claim upon which relief can be granted.

B. <u>**Count II: Violation of the First Amendment**</u>

In Count II, Plaintiff alleges that the Borough stopped payment of Shaw's health insurance premiums after he filed an action against the Borough in state court, which constituted retaliation in violation of Shaw's Constitutional rights under the First Amendment. In order to establish a *prima facie* case of First Amendment retaliation under Section 1983, a plaintiff must show that:

> (1) the plaintiff participated in activity protected by the First Amendment; (2) the defendant retaliated against the plaintiff in a manner that would be "sufficient to deter a person of ordinary firmness from exercising his constitutional rights;" and (3) a causal nexus existed between the protected activity and the retaliation.

*Alers v. City of Philadelphia*, 919 F. Supp. 2d 528, 553 (E.D. Pa. 2013) (quoting *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006)). To demonstrate the third element of a *prima facie* case, the requisite causal link, the plaintiff typically must show "'(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link.'" *Id.* at 555 (quoting *Lauren W. ex rel. Jean W. v. DeFlaminis,* 480 F.3d 259, 267 (3d Cir. 2007)).

Here, the Borough argues that Plaintiff has failed to establish a *prima facie* case of retaliation because she has not sufficiently alleged the requisite causal nexus between the protected activity (the filing of the state court action) and the retaliation (stopping payment of Shaw's health benefits). Upon consideration of the facts alleged in the Amended Complaint, the Court agrees. Specifically, Plaintiff does not indicate *when* the Borough allegedly stopped paying Shaw's health benefits, and only asserts that it was after the state court action was filed.[2]

---

[2] Plaintiff does not allege a pattern of antagonism coupled with timing, which could also show a causal nexus. *See Alers v. City of Philadelphia*, 919 F. Supp. 2d at 555.

As Plaintiff alleges, Shaw filed his lawsuit in state court on or about May 24, 2022, and the Borough stopped paying for his health insurance sometime after that. (Docket No. 4, ¶¶ 20, 21). Upon consideration of these allegations, and in light of the pleading standards for a motion to dismiss, the Court finds that the actual timing between Shaw's protected activity and the allegedly retaliatory action is unknown, so the Court is unable to determine if there is an unusual temporal proximity between the two events.

Because the Court cannot determine if there is an unusual temporal proximity between the protected activity and the adverse action, there is no basis for a plausible inference of a causal connection between the two events. The Court therefore finds that Plaintiff has failed to show a causal link, the third element of a *prima facie* case of First Amendment retaliation under Section 1983. Accordingly, Count II is dismissed without prejudice to amendment for failure to state a claim upon which relief can be granted.

      C.      **Count III: State Law Claim**

In Count III of the Amended Complaint, Plaintiff alleges a claim of breach of contract/*quantum meruit* under Pennsylvania common law. If Plaintiff declines to amend Counts I and II (the federal claims against the Borough) and those Counts are dismissed with prejudice, the Court will decline to exercise supplemental jurisdiction over the sole remaining state law claim at Count III. *See* 28 U.S.C. § 1367(c)(3) (stating that a court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction).

### IV. Conclusion

For the reasons stated, the Borough's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted. Accordingly,

Counts I and II of the Amended Complaint are dismissed without prejudice to amendment with sufficient facts to state a claim. If Plaintiff declines to amend Counts I and II, those counts will be dismissed with prejudice, and the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claim at Count III, which will be dismissed without prejudice to Plaintiff's ability to file such claim in state court.

    An appropriate Order follows.

Dated: October 25, 2022                          *s/ W. Scott Hardy*
                                                         W. Scott Hardy
                                                         United States District Judge

cc/ecf:  All counsel of record